Robert Stephen Mawhinney v. Robert Mawhinney v. Robert Mawhinney I was formerly an aircraft maintenance technician, crew chief, in San Diego, California, for American Airlines. I was terminated from employment on September 23, 2011, for the second time, and the second time for me to file a complaint before Federal OSHA, referred to as Air 21. Because Mr. Hendricks isn't here today, I think I should start with the union. Now, the union is writing on the coattails of American's case, and they have not proven that they are an agency to American Airlines, and that's the basis that they're here, and before the district court, that they were an agent of American Airlines. Most unions would not want to be called an agent of the employer. Yes, and they did make mention of what they are. They're an adversarial advocate for the employees. They are not agents for American Airlines. But they can seek to enforce a settlement agreement that becomes part of a Department of Labor order in a court. A party can do that, can't they? For the settlement agreement? Well, the problem is that there is a settlement agreement that becomes part of the Department of Labor order, and now this union is attempting to enforce it here. Now, it may not be able to enforce it here because it's not an agent, but then that's a straightforward issue of contract interpretation, right? Yes. Okay, so it isn't a matter that there wouldn't be any jurisdiction in the court. It would just mean that, one, they couldn't force it, correct? Correct. Because they're not, they weren't parties to the original agreement. Right, right. If they had been parties to the original agreement, there wouldn't be a problem in enforcing it, but they weren't parties, so that's why they have to be an agent, because they weren't a party. Correct. They didn't realize they were an agent until August 19th when they changed counsel, of August 19th of 2016. Mr. Malwine, I have a question that relates to the question you asked by Judge Smith. I've looked at the order approving the settlement agreement and release, and the order approves that settlement and release, but it doesn't incorporate it as an order of the agency. So is that a private contract between American Airlines and you, or is that an order of the It was a private contract. But if the order is enforcing this agreement, correct? Yes. So why would not the order be a part of the agreement, or would the agreement be a part of the order? There's no way for the department to enforce this agreement if there isn't an agreement and the order is simply to enforce the agreement. So why is it not part of the meeting the agreement? I believe Judge, Administrative Law Judge Paul Mapes did approve and said that there was no safety concerns. However, what's within the agreement addressed the issue. But you're not answering my question. My question is, there would be no reason for the Department of Labor order if it weren't enforcing the settlement agreement, even though the agreement is not right in the order. So I don't know how we would be able to do anything if the settlement agreement weren't perceived to be a part of the order. I'm sorry, it's you're over my head. But none of that has to do with, I mean, it seems to me your argument about the union is basically done. I mean, it's that your argument is they're not an agent. It's a pretty good argument. We'll hear what the other side has to say about it. But I don't think there's anything more to say about that. So let's go on to American Airlines. And the question, I guess, before the court is if this Ninth Circuit has jurisdiction to hear this case. And I believe they do. And Medevas, they reference Medevas. Medevas Bushley. Bushley, Your Honor, I believe you are a panelist. This is on the question of the fact that there was an order to arbitrate and then a dismissal. Is that what you're talking about? No. American is saying that the Ninth has no jurisdiction to be hearing this appeal. You're saying, as I understand it, you're saying we have no jurisdiction because it was an order, there was an order to arbitrate and there's no jurisdiction over an order to arbitrate. Is that what you're talking about? That's their argument. Is that their argument? Their argument is that they have, that you have no jurisdiction to hear the appeal of the district court's order to compel. Right. Okay. And there, okay. I believe that you do. Okay. And I believe Let's go on to the assumption that we do. Okay. Okay. The appellate commissioner asked that we address in supplemental brief the Williams case. And in the Williams case, it was quite detailed about explaining how I had the rights to go and make a complaint under the whistleblower protection program. Yes, but also that there's no private right of action in federal court with regard to that statute. No, I followed the court, the Ninth Circuit's description on administrative remedies and pursued Air 21 for the second time through the Federal Department of OSHA. Now, American says that there's an exception within the agreement that says that I could go to the California Department of Labor and Standards and Enforcement. Well, when I did do that, they said, well, you also have the rights to go to the Federal OSHA concurrently with, because they have a special unit of people to investigate the case. So I did. And they ruled against me. So I'm not sure where this is going. Is where it's going that American Airlines participated in the administrative proceedings up to a point and then all of a sudden said you have to go arbitrate? Is that where it's going? They were forced to, yes. They did. They were forced to do what? To cooperate. Okay. But they didn't, when you first filed the complaint before the agency, did they say, no, you have to arbitrate under the agreement? Did they say that originally? No, they did not. Ex parte, they were telling the Department of Labor that. But they weren't telling me that. And I wasn't finding out anything. They were telling them ex parte? They were. How do you know that? I was told in email from the Department of Labor investigators that counsel for American Airlines said, describe this. I did not know anything about this until I emailed the Department of Labor, Secretary of Labor, Solis Solis, on March 31st of 2012, saying, why aren't I getting a response back from the Department of Labor investigators? Well, that's when I got these emails that said, well, they've refused to cooperate, that they told us of an arbitration. And then they said, we're going to reestablish the investigation. And with or without American's cooperation, they were going to make a decision. And that's when American, on May 11th, 2012, turned in a letter to the Department of Labor. And in that letter, it described how critical my position was as a crew chief, as an aircraft maintenance technician, to American Airlines operation, which is an interstate commerce operation. How critical it was to the safety of that operation. If I could read to you what they wrote. Well, Mr. Malwine, we've looked at the record, but if I could just ask you to jump ahead a month later, to the June 6th letter that you received, same year, 2012, which is in the record at 36. And it seems to me that it explains a bit about the process, along with reading the statute. And it sounds as if this agency reviews an Air 21 complaint and decides whether there is reasonable cause to believe it's meritorious. And if they do, they issue a preliminary order. If somebody wants to challenge it, they can challenge it. It becomes a final order. But the June 6th letter tells us what happens if there is no reasonable cause. And they say that the Department of Labor does not represent any party in the hearing that you can demand. Each party presents its own case. It's an adversarial proceeding. And you can present evidence for the record. Once you get to the point where you have a remedy, and you wish to pursue a remedy, why can't that remedy be subject to a private agreement compelling or dictating that it go to arbitration? I believe the Ninth Circuit has addressed that issue. And what they have said is that Section 4 does not give parties license to recharacterize an existing controversy or manufacture a new controversy in order to obtain a federal court's aid in compelling arbitration. But did you hear what he asked you? What he says is, you've gone to the Department of Labor. The Department of Labor has said either you have a claim or you don't. They say you don't have a claim. You can still file a claim. What says that that can't be arbitrated at that point? Well, the Department of Labor Administrative Review Board determined that it could not be done as the administrative law judge had tried to implement on May 14th of 2014. Yes, the ARB could not compel an arbitration. Right. And that the administrative law judge could not either. Well, that's true, but now they're in district court. And why can't the district court compel an arbitration? Well, it's been the Ninth Circuit's determination that they cannot. Who cannot? The case is Van Dusen v. United States District Court. I don't think that quite says that. Well, it says, defendants and district courts have adopted the position that contracting parties may invoke the authority of the FAA to decide the question of whether the parties can invoke the authority of the FAA. This position puts the cart before the horse. Section 4 has simply no applicability where Section 1 exempts a contract from the FAA, and private delegation clause confer authority upon a district court. What statute exempts this claim from the FAA, from the Federal Arbitration Act? Statute is 9 U.S.C. Code Section 1. Where's the exemption? It says that no, that this does not apply to contracts of employment of employees engaged in interstate or foreign, interstate commerce or foreign commerce. All right, but what difference, I don't understand exactly what difference that makes, because that means that the Federal Arbitration Act, I mean, even if you're right, then the Federal Arbitration Act doesn't apply. We still have a contract. The contract says you're supposed to arbitrate, right? So why then, if you're otherwise properly in federal court, why don't we send you to enforce the contract? What difference does it make whether the FAA applies or doesn't apply? Well, just as I read that there's no way to delegate, that there's no delegation clause that gives the authority to the district court to compel the arbitration. Why didn't you contract? Yes, and what I did... We're not putting the FAA in there at all. We're saying, or the FAA, we're saying you have a contract to arbitrate this, period. No. Has nothing to do with the FAA, has nothing to do with the Arbitration Act, your contract. Yes. Within that contract, there was a statement that addressed the Air 21. And in that reference in Air 20, about Air 21, was that a lawsuit of wrongful termination in violation of public policy was preempted by Air 21. Okay. So? Yes. So Americans was saying that the contract was silent on issues, and yet I'm saying that it was not silent. It did address Air 21. I was seeing that, and that's what I was determining, as well as by going to California Department of Labor and Standards and Enforcement, they said that you have the rights to go to the federal OSHA again. All right. Do my colleagues have questions? No. All right. Thank you very much. And I want to say that as a pro se litigant, you did a nice job. Thank you. Is there anything further that I can... No, but we'll give you a minute of rebuttal. Thank you. Okay. Thank you. Thank you. So how are you dividing time? American will be doing 10 minutes out of 15, and the remaining five will be used by the union. Okay. Go ahead. Good morning, Your Honors, and may it please the Court. John Hayashi on behalf of the Appellee American Airlines. This Court should confirm the order of the District Court ordering Mr. Mawinney to arbitrate his wrongful termination retaliation claims because the order was entirely correct. Under this Ninth Circuit's precedent, the standard to apply is whether there is an enforceable arbitration agreement and there was no dispute in the court below that there was. I assume you're dropping this notion of us not having jurisdiction. I didn't understand it. We have clear case law to the contrary. Is it gone? Well, based on your comments during Mr. Mawinney's comments, I thought I... I didn't understand your argument at all. I mean, we have absolute clear case law that says if there's an actual dismissal, then we have jurisdiction. The reason the court doesn't... the argument there is because the actual case is pending before the administrative law judge. So what? That doesn't make any difference. What difference does that make? Well, if you go back to the Green Tree case, it talks about... All right. Well, I don't understand what difference it makes. We have the case we have, and as to that case, whatever's going on over there, we have jurisdiction. Okay. So his claim is still active before the administrative law judge. It's not been dismissed. Okay. It's just stayed pending. Yeah, but we don't have anything to say about that at this point until there's some decision and that can come directly to us. Fair enough. We can move on to the rest of the argument. So the district court got it correct. There's an enforceable arbitration agreement. The wrongful termination and the retaliation claims fall under the broad arbitration clause, and therefore the court... All right. I have two questions. One is waiver. Didn't the American Airlines... I understand that he says that at first, in some sub-rows away, you were taking the position that it had to be arbitrated, but in a non-sub-rows away, you participated in the administrative proceedings. I understand there was a hiatus because of the bankruptcy, but still, leaving the bankruptcy out, there was more than a year of time that these administrative proceedings were going on and that the arbitration question wasn't raised. Is that right? That's not entirely correct. The timeline is that Mr. Mawinney was terminated on September 23, 2011. On September 29, just about a week later, he demanded arbitration, which commenced arbitration proceedings. On October 5, he filed his claim with the Department of Labor. Then on November 29, 2011, just about a month after that, less than a month, is when the parent company went into bankruptcy, which stayed everything. Okay. But then it got unstayed. So start with the unstayed. Okay. So then it becomes unstayed in December of 2013. We go back... Well, let me pause right here. Did the filing stay the Department of Labor's investigation under Air 21? American took the position that it did, and there was an interaction with the Department of Labor. Ultimately, American elected to participate in that. OSHA investigation submitted its response because OSHA threatened to issue a ruling without our participation. When did the DOL issue its no reasonable cause to believe determination? That was June 6, 2012, Your Honor. All right. Which was about a month after A submitted its position statement in May of 2012. And then what happened? So then it becomes unstayed. The arbitrator sets up a status conference in the beginning of 2013. The arbitrator or the administrative law judge? The arbitrator does. All right. But let's leave the arbitrator out of this for this. I want to know what's going on before the agency. Okay. So basically around the same time in the beginning of 2014, the agency... But that's not the same time as 2012. No, no, no. Because everything was stayed... Okay. ...from 2011 until 2013, the end of 2013. Okay. So in 2013... This is December. Okay. So the first time that the parties reconvene is in the beginning of... Okay. ...2014. And so in the beginning of 2014, we go before the administrative law judge and we file a motion to compel arbitration and dismiss the ALJ action. And the ALJ grants that motion in May of 2014. Okay. And then commencing with that, then we proceed to... So basically on your account, there really wasn't a gap. There was no gap. That's correct. And as I understand it, this is substantial evidence to sustain the district court's decision that A's delays were not undue. That's correct, Your Honor. And what we have in front of us, as I understand it, is a district court finding that there was no waiver, correct? That's correct. And so at that point, we have to sustain or deny that based on an abuse of discretion or substantial evidence, whichever standard you suggest, right? If it's a finding of fact, this court's position is that it's a clear error standard, yes. All right. So then you're saying the delay were not undue based on what you've told us thus far. That's absolutely correct. Tell us what are the facts that Mahwini, sorry if I miss Mahwini, has not been prejudiced. Mr. Mahwini, as I mentioned before, initiated the arbitration. Yeah, but it was a different arbitration. I understand the facts were the same. And you may, in fact, have a pretty good res judicata or something argument. But it was an arbitration of state law claims, not of the Air 21. Is that what we call this? They're exactly the same claim. No, they're not exactly the same. They are in the sense that what was decided could be preclusive. But one is based on state law causes of action, and the other was based on this special federal statute for airline people, right? Correct. The standard for both are almost exactly the same with the exception of the causation element. Okay. Okay. I want you to answer a question before I go forward. Sure. I mean, there's been no final judgment in any proceeding in anybody's favor, right? That's not correct. Mr. Mahwini proceeded to arbitration in the first arbitration. The arbitrator, after two weeks of arbitration hearings, granted an award in Americans' favor. But we're talking about no final judgment in any proceeding in his favor. No, not in his favor. He lost at every stage of these proceedings. He lost before OSHA. He lost before the arbitrators. All of the interlocutory rulings at this point in all the various forums have not been favorable to him? I believe that's correct, yes. So there is no prejudice in this particular situation as it relates to waiver? Correct. He's had his opportunity at every step of the way before OSHA, before the first arbitrator. Was the arbitration that he did, that you prevailed in, confirmed? Yes. And it was also affirmed by this court in July. So that's over. And as I say, you may, I mean, this case calls to mind Richard Posner's repeated statement that American law is much too complicated. I mean, this is just an incredibly complicated mess about a fairly simple underlying dispute. I completely agree. In fact, the second arbitration has already been conducted, and that arbitrator has concluded that res judicata and collateral estoppel applies.  I understand that, but there's still this other thing wandering around, which is the AIR-21 claim. I understand you think it's not different, but that's the question. Right. And the AIR-21 claim is still arbitrable. All right. It's arbitrable, but was it arbitrated? That's the question. Yes, it was, according to this. And he says it wasn't. I understand he argues it isn't arbitrable for what I understand are two reasons. And you should address them. One is this notion that he's excluded from the FAA. Now, I understand that you argue that he's not because he's fixing the planes but not flying them. I don't know. It's a little tough. But on the other hand, why does it matter? Okay. So to address your first point, the transportation exemption from Section 1 of the AIR. Well, it's not a transportation exception as written. It's an exception for employees engaged in interstate commerce. Correct. Right. And this Court and lower courts applying that standard find that the burden is on the person asserting the exemption, which is Mr. Mulwiney, to prove it. Well, I understand that people who are loading the airplane are perhaps not engaged in interstate commerce, but people who are actually making it flyable, I don't know. But why does it matter? That's what I'd like to know. This is what Judge Smith was asking Mr. Mulwiney before. I mean, we still have a contract. It still says you're supposed to arbitrate. You still have a basis for being in federal court, which might be a little questionable, but you have a basis which is the order from the order that approves a settlement. Or alternatively diversity jurisdiction, right? Yeah. So what's the problem? What difference does it make whether the FAA applies? It probably doesn't. It would be enforceable under State law as well, where there is no Section 1 exemption. So even if he was found to be a transportation worker engaged in commerce under the narrow definition adopted by this Court and the U.S. Supreme Court, under State law he would still be compelled to arbitrate. Right. Even before we get there, we have to have an employment agreement. We don't have an employment agreement here. We have a settlement agreement negotiated by parties. Well, you'll have to get there again to be outside the FAA. So then the real question, therefore, is whether there's any – whether this particular kind of cause of action is special in any way such that it's not arbitrable. That seems to me to be the real question. Okay. So addressing that question, the U.S. Supreme Court has addressed that numerous times, most recently in Ethics Systems, the case that just came out recently. Now, when we have two competing Federal statutes, the FAA on one hand and another Federal statute on the other hand here, it would be Air 21. The courts look for a contrary congressional command in the competing statute excluding the statute from arbitration. And if there's not an express contrary congressional command, then those claims are arbitrable. If you look at the text of Air 21, there is no contrary command located anywhere in that statute. Mr. Mulvaney has been able to point that out to us. I mean, in this case, do we even have to get there? Because what is being enforced is a order of the DOL in an Air 21 case. Correct. So, therefore, if one reads that provision as providing for arbitration and it's an order of the Air 21 board or the DOL OSHA that you should arbitrate, then how could it be outside of arbitration if the DOL said go arbitrate? In other words, it's an unusual situation because he's not just coming up with the arbitration requirement by himself.  Correct. The reason we're before the district court is because the Air 21 statute says that only the district court can enforce the terms of the settlement agreement. And that's what the ARB did when it remanded the original order compelling arbitration. So you have to go to the district court to get the order to compel arbitration. I understand what the ARB did. And I don't think there's any dispute as to the correctness of that. The question I have, though, is do you take the position that the approval of the settlement agreement and release amounted to an incorporation of the terms of the settlement agreement and release into an order of the Department of Labor? Yes, it does. In fact, the regulations implementing Air 21 state that a settlement agreement can be enforced by a district court. But those 2003 regulations were not adopted until after this settlement agreement was approved by the DOL. Isn't that correct? But it's also what the ARB instructed us to do in their decision reversing the arbitration order from the ALJ. Well, they said you have to go to the district court. Correct. And you went to the district court. Yes. But whether you go to the district court under the statutory provision, first of all, they can't decide the subject matter jurisdiction of the district court. And in this case here, there's diversity jurisdiction in any other event. That's correct. You've used up your colleague's time, which is always a problem in these cases.  Thank you. Thank you, Your Honor. I frankly think he used it up based on us. Well, that's true. You know, I used to be in this position a lot when I was a lawyer. And I wasn't looking at you, sir, but my main defense was to make faces and hope that the judge would. I don't know if you were making faces, but if you were, I was missing them, i.e., I need my time. But go ahead. Oh, no, not at all. No, but I always made faces. Not so much. It was the only way he could get the attention. Not so much. But I was going to come to a frank admission that Mr. Malwine is correct, that we are riding on the coattails of American Airlines. But can you actually stand up here with a straight face and tell me that you're an agent of American Airlines? What I can tell you is this, that the entire premise of his claim is that we are agents. Well, his premise was, as I understand it, or at least the agency's premise, was that you were a contractor, which is also a little surprising. But at least it wasn't that you were an agent. His action, if you go back to his original complaint that was filed October 5, 2011, it was filed as a single document, both American Airlines and not Local 564, which he argues was our predecessor and we say is not our predecessor. And I just want to make that note for the record. But he filed against us in a single document as co-respondents. And the basis of his claim was that the two parties, the two co-respondents, had engaged in a concerted, quote, concerted effort orchestrated by American Airlines with the assistance of the Transport Workers Union. That's still not an allegation that you're an agent. Then you go from there to the fact that in order to have a claim under Air 21 statute, the party has to allege a claim against either a carrier, an air carrier, or a contractor or a subcontractor. Right. And that's still not an agent. I mean, none of those things are agents. And that the individual has to claim that he is the employee of that, of one of those. Okay. And they may be totally wrong about reaching the union in that case. But in terms of this case, how could you be an agent? Because the entirety of his claim depends on the allegation. Well, it depends on you being a contractor maybe or an accomplice or a conspirator, but not an agent. Well, we couldn't be a contractor in the classic sense because we are on the property as a union. Right. And allegedly, and this is what the Administrative Review Board remanded to the Administrative Law Judge to investigate, is whether we were providing labor services. All right. And you will someday, if this case doesn't turn, you know, it's still Jarvis v. Jarvis, which is, you know, from Bleak House, get to come to us and tell us that you weren't really a contractor in the other case. But I don't think that helps you in this case. Well, our view is the only, both in terms of characterizing us as having assisted American Airlines. And the way that we assisted them was by providing labor services and orchestrating a conspiracy between union members and management in order to orchestrate his termination, that that fits within the concept of agency closely enough given the federal policy under the Federal Aviation, excuse me, deal with the FAA and with the arbitration, Federal Arbitration Act, that when in doubt, we arbitrate. So you say, so that's interesting only because we were both positing that maybe the FAA doesn't matter with regard to American Airlines, but you're saying it matters with regard to you because that gets you further than you would get at a straight contract case? I mean, it gets you to the arbitrator, is that what you're saying? Well, I would say in either case, we are a party that engaged in no action as a practical matter. American Airlines decided to terminate an individual. This case goes forward without American Airlines. We're effectively bereft of the ability to defend ourselves except by subpoenaing witnesses and managers from American Airlines and saying, could you please explain to the court what you did? The only way that we get involved is based on allegations that somehow we were assisting them, that we were working with them to implement their plan. Did you ever say this to the district court? Yes, we did. Well, it seems interesting to me that when my reading of it, there is no place where the union ever alleges they're an agent. There's no place the union ever alleges that they're anything. In fact, the district court said, the court is aware the plaintiff is not a party to the agreement. The language of the provision covers disputes between the parties and their agents, but they're not agents.  So the district court hits this issue square on the head and then punts and says, well, because I've got to arbitrate most things, I'm going to make it arbitrate anyway. Is that enough? The district court. That's on page eight of the district court's decision. The district court did find that we fit within the language of. Where? Do you want to give it to me after? Yes, I will. Because I looked through the district court, and the best I could come up with this is, any doubts concerning the scope of arbitral issues should be resolved in favor of arbitration, according arbitration is appropriate. In other words, he said, I don't think they're agents.  I'm not sure they're agents. And therefore, but I don't care, we arbitrate everything. So I'm going to make you arbitrate. I mean, I had a tough time understanding because I think it's your burden to establish as a prerequisite to the right to arbitration that you are an agent. We argued before. We made the same arguments to the district court, the district court, as I recall, and I'll, I'll, I'll submit the references subsequent to oral argument that, that we fit within the laundry list of American airlines and its affiliates, subsidiaries, representatives, agents. That was the intent, overall intent of that language was that someone who is supposedly working with American airlines to, in a manner related to the employment dispute would not be left out in the cold in a situation where, where we would be left without the ability to defend ourselves because we don't control any of the business. Just a minute. You have the ability to defend yourself. You're only in the administrative proceedings, right? You were not in the arbitration over state law claims. We were not in the arbitration state law claims. We have already concluded an arbitration.  That one's concluded. So you have a forum, which is the Department of Labor. You don't like what they're saying, but you have it. Yes, there is a forum. I'm saying as a practical matter, because of our subordinate status and relationship with American airlines, we wouldn't be able to defend ourselves in terms of the control of the witnesses. We would have to be explaining and defending somebody else's action, and it's the intent of that 2002 settlement agreement that an entity in our position wouldn't be left in the cold that way. All right. Thank you. But you have the ability to assert issue preclusion based on findings that may be adverse to Mr. Mott winning. That's true. In fact, we've already arbitrated the Air 21 claims, and Arbitrator Adler decided based on issue preclusion that there is no Air 21 claim against us. What do you mean you've already arbitrated it? Where did you arbitrate it? We, pursuant to the district court's motion to compel arbitration, we submitted demand through the American Arbitration Association, and Arbitrator was assigned. And you already arbitrated it? We've arbitrated it. Why isn't this case moot? Well, I think so. I'm not sure Mr. Hayashi made the same point. I'm not sure it was captured by the panel. No, because there was a different arbitration that was about the state law claim. There's been some misapprehension there. The district court issued an order compelling arbitration in the two parallel cases with respect to the American Airlines dispute, with respect to the local 591, really 564 dispute. On the Air 21 claim. Correct. Correct. And both parties proceeded and had AAA, the American Arbitration Association, assign arbitrators. We made a motion to Arbitrator Adler, appointed through the AAA, to make a summary decision based on undisputed facts. And she did? Sarah Adler. Is that who it was? It was John Adler. Oh, it was a different Adler. Okay. And John Adler issued a decision based on two independent rationales, but one being issue preclusion. So then what? His action has already been dismissed in its entirety before a private arbitrator, both with respect to the Air 21 claims against. Have you petitioned to confirm? We have not yet petitioned to confirm. But American Airlines has already filed its petition to confirm the award in its favor. Correct. Do you happen to know the status of that? No, I don't. Okay. So we're here essentially because he says it never should have happened. I guess I lost track of that. Yes. All right. Thank you very much. He initially participated in that arbitration. Well, I did a misunderstand because I thought you were talking about the other arbitration. There was a state court arbitration that did get confirmed and that did go and that's what I was told. I wasn't told there was another arbitration. No, the Air 21 cases have been arbitrated. Well, I was certainly not told that. Thank you very much. Thank you. Sir, we'll give you a minute. Thank you. I've submitted evidence that the Secretary of Labor has found that they were not exactly the same, and that's in the record. I'd also like to discuss about the fact that this arbitration agreement was they were holding a superior ground where they said that the promise that I was agreeing. Let's see if I can find this. Oh, please bear with me. Okay. This is a matter of fraud that goes to the execution and inception of the contract. So that the promisers do not know what they are signing. The contract lacks mutual assent and is void. Now, they have had an inconsistent act of employing arbitration. There was a 2009 case, and they did not employ arbitration, and they came up with the excuse why they did not because it was unclear to them. I believe that the whole thing was unclear to them. But it was clear to me that Air 21 was not silent in that settlement agreement. It preempted state court, and that's where I went. There's an administrative scheme, as you know, for investigating and then going through a hearing, being able to appeal. Okay. Thank you very much. Thank you. The two cases, American Airlines and Transportation Workers v. Malwine, are submitted. We will go to InfoSpan v. Emirates.
judges: Berzon, N.R. Smith, Castel